## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Fred L. Buck,**
**Petitioner Below, Petitioner**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 11-1524** (Mason County 01-C-342)

**Patrick Mirandy, Warden, St. Mary's Correctional Center**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner, Fred L. Buck, by counsel, D. Adrian Hoosier, II,  appeals from the "Order Denying Petition for Writ of Habeas Corpus" entered by the Circuit Court of Mason County on June 19, 2008. Respondent, Patrick Mirandy[1], Warden of St. Mary's Correctional Center, appears by counsel, Thomas W. Rodd.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

The Grand Jury of Mason County indicted petitioner on thirty-one counts of first degree sexual assault, thirty-one counts of first degree sexual abuse, and two counts of third degree sexual assault. Petitioner pled guilty to ten counts of first degree sexual assault, eleven counts of first degree sexual abuse, and one count of third degree sexual assault. As part of the plea agreement, the remaining forty-two counts were dismissed. On December 27, 2000, petitioner was sentenced to confinement in a penitentiary for an indeterminate sentence of not less than eighteen years nor more than fifty years. Petitioner filed a direct appeal, which was refused by this Court without a hearing.

On November 16, 2001, petitioner filed a Petition for Writ of Habeas Corpus Ad Subjiciendum, arguing ineffective assistance of counsel. On March 15, 2006, new counsel filed an amended Losh List asserting thirty-two grounds for relief. On April 3, 2006, petitioner filed an amended habeas petition. Following a hearing, the circuit court denied petitioner's petition for writ of habeas corpus relief by order entered on June 19, 2008. The circuit court's order addressed each of petitioner's grounds for relief set forth in his memorandum of law. Petitioner now appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the

---

[1] Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have replaced the respondent's name with Patrick Mirandy, Warden. The petitioner is no longer incarcerated at Mt. Olive.

1

following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

As his first assignment of error, petitioner asserts that the trial court should have held an evidentiary hearing because the circuit court's final order only addressed one of his asserted grounds, ineffective assistance of counsel. Petitioner also asserts that the circuit court did not set forth factual findings and conclusions of law on the remaining thirty-one grounds for habeas corpus relief.

The respondent argues that the circuit court held an evidentiary hearing and addressed all issues argued in the circuit court. The State points out that the circuit court's final order states that the court conducted an omnibus hearing on evidentiary matters and references evidentiary deposition testimony by the petitioner and his counsel throughout the order. This Court finds that the orders show that the requested hearings were held in this matter. Therefore, we find no merit in this assignment of error.

Petitioner next argues that habeas counsel did not provide him with effective assistance in the instant habeas corpus proceeding. Petitioner is raising counsel's alleged ineffective assistance for the first time on appeal. If petitioner continues to believe prior counsel was ineffective, the preferred way of raising ineffective assistance of habeas counsel is to file a subsequent petition for a writ of habeas corpus raising this issue in the court below. *See* Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981) (While a prior habeas corpus hearing is res judicata as to all matters either raised or should have been raised at the habeas corpus hearing, "an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; . . . ."). Because the circuit court had no opportunity to decide the issue of counsel's alleged ineffective assistance, this Court will not address the issue on appeal.

After careful considerations of the parties' arguments this Court concludes that the circuit court did not abuse its discretion in denying the petition for a writ of habeas corpus. Having reviewed the circuit court's "Order Denying Petition for Writ of Habeas Corpus" entered on June 19, 2008, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the circuit court and the denial of petitioner's petition for writ of habeas corpus is affirmed.

Affirmed.

**ISSUED:**  February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

# IN THE CIRCUIT COURT OF MASON COUNTY, WEST VIRGINIA

Fred Luther Buck,

        Petitioner,

v.

Michael V. Coleman, Acting Warden,
Mount Olive Correctional Complex,

        Respondent.

Case No. 01-C-342
Judge David W. Nibert

## ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

This matter comes before the Court on Petitioner's Supplemental Petition for Post-Conviction Habeas Corpus relief. Petitioner, Fred Luther Buck, appears by counsel, Jeremy T. Vickers, and Respondent, Michael V. Coleman, Acting Warden, Mount Olive Correctional Complex, by counsel, Damon B. Morgan, Jr., Prosecuting Attorney in and for Mason County, West Virginia. Having considered the Supplemental Petition for Post-Conviction Habeas Corpus, the Answer thereto, conducted an omnibus evidentiary hearing, reviewed the parties memoranda, consulted pertinent legal authority, and noting Petitioner's execution of a Checklist of Grounds for Post Conviction Habeas Corpus Relief, the Court is of the opinion to, and hereby does, DENY the Petition for Post-Conviction Habeas Corpus Relief for the reasons contained in the opinion below.

### Pertinent Procedural History

Petitioner was charged with 50 sexually related offenses on or about July 16,

1

1999 because of a statement given by the alleged victim and a statement given by Petitioner. After Petitioner's arrest, he retained Patrick B. Anderson as his counsel. Petitioner's allegations of ineffective assistance of counsel alleged in his petition are against Mr. Anderson.

An indictment was returned against Petitioner in January 2000 by the Mason County Grand Jury. Petitioner was charged with sixty-four (64) sexually related offenses. By the time Petitioner was indicted in January 2000, there were three (3) alleged victims that were assisting the West Virginia State Police in its investigation. The charges involved thirty-one (31) counts of First Degree Sexual Assault, thirty-one (31) counts of First Degree Sexual Abuse, and two (2) counts of Third Degree Sexual Assault. Said charges exposed Petitioner to a possible sentence to the penitentiary of not less than 498 years nor more than 1,250 years.

On May 23, 2000, Petitioner plead guilty to ten (10) counts of First Degree Sexual Assault, eleven (11) counts of First Degree Sexual Abuse, and one (1) count of Third Degree Sexual Assault which exposed Petitioner to a maximum possible sentence to the penitentiary of not less than 162 years nor more than 410 years. As a result of the plea agreement, the remaining forty-two (42) charges were dismissed.

On December 27, 2000, Petitioner was sentenced by the Court to confinement in a penitentiary for an indeterminate sentence of not less than eighteen (18) years nor more than fifty (50) years.

### Standard of Review

Post-conviction remedies involving the Writ of Habeas Corpus are provided for in West Virginia Code § 53-4A-1 et seq., which is constitutionally guaranteed by the West Virginia

2

Constitution Article III, § 4.

The West Virginia Supreme Court of Appeals has made clear that only constitutional or jurisdictional defects are cognizable grounds in post-conviction habeas corpus proceedings, upon which to grant relief. Syl. pt. 4, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 137 (1979), *cert. denied*, 464 U.S. 831 (1983. A habeas corpus proceeding is not a substitute for a writ of error and ordinary trial errors not involving constitutional violations will not be reviewed. *Id.*

Furthermore, claims that have been "previously and finally adjudicated," either on direct appeal or in a previous post-conviction habeas proceeding, may not form the basis for habeas relief. W.Va. Code § 53-4A-1(b); *See Also, Bowman v. Leverette*, 169 W.Va. 589, 591 (1982). However, claims that were merely raised in a petition for appeal that was refused are not precluded. *Smith v. Hedrick*, 181 W.Va. 394, 395 (1989). Additionally, a claim adjudicated in a previous post-conviction proceeding is not precluded unless it was an "omnibus habeas corpus proceeding" and Petitioner was either represented by counsel or knowingly waived his right to be represented by counsel. *Losh v. McKenzie*, 166 W.Va. 762, 767 (1981); *Gibson v. Dale*, 173 W.Va. 681 (1984). Moreover, any grounds for habeas relief that could have been advanced on direct appeal or in a previous post-conviction proceeding but were not have been waived. W.Va. Code § 53-4A-1(c). Petitioner bears the burden of demonstrating that such waiver was less than knowing and intelligent. *Ford v. Coiner*, 156 W.Va. 362, 367 (1972).

W.Va. Code § 53-4A-7(c) states, "In any order entered in accordance with the

3

provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state whether a federal and/or state right was presented and decided..."

## Findings of Fact and Conclusions of Law

Claims of ineffective assistance of counsel are governed by the two-prong test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). This test was subsequently adopted by the West Virginia Supreme Court of Appeals in Syl. pt. 5 of *State v. Miller*, 459 S.E.2d 114 (W.Va.1995), where the Court stated,

> In the West Virginia Courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

The failure of a Petitioner to meet *either* prong of the test is fatal to his or her claim of ineffective assistance of counsel. *State ex rel. Daniel v. Legursky*, 465 S.E.2d 416, 423 (W.Va.1995) (emphasis supplied).

The first prong of the *Strickland* test requires the court to review counsel's performance and determine whether it was deficient. In doing so,

> Courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense

4

counsel acted in the case at issue.

Syl. pt. 6, *Miller*, 459 S.E.2d 114 (W.Va.1995).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Only following the showing that counsel's conduct fails to meet this standard does a court then delve into the question whether there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Miller, supra.*

In this matter Petitioner generally alleges as his Ground of his Petition that his federal and state rights were violated by being denied the effective assistance of counsel. Specifically he alleges that his counsel failed to investigate and failed to communicate with him and develop a theory of his case, and he further alleges his plea agreement was not entered into intelligently and knowingly.

Petitioner alleges that his counsel did not conduct, nor attempted to conduct, any investigation regarding his case. He alleges that his counsel failed to follow through with a possible alibi defense; failed to investigate the allegations made by the victims; and failed to conduct a suppression hearing before entering a plea agreement.

First, Petitioner alleges his counsel failed to follow through with a possible alibi defense. He alleges he attempted to inform counsel that he was not present in the State of West Virginia during times he was alleged to have committed certain criminal acts, set forth in the indictment, in the State. On July 31, 2006, the deposition of Fred Luther Buck was taken. During his deposition, Petitioner was asked if he ever discussed the facts of the case with his

5

Petitioner. (*State's Answer to Petition for Writ of Habeas Corpus*, filed February 14, 2002, Exhibit A.) Petitioner attempted to investigate the statements made by the victims through a private investigator but was unsuccessful due to time constraints. (*Deposition of Patrick Anderson*, November 2, 2006, pg. 23.) Time constraints refers to the limited time between arranging to meet with the victims, through a private investigator, and when the plea was offered to Petitioner. (*Id.*, at pg. 24.) Mr. Anderson made reasonable efforts to investigate the allegations made by the victims in this case. Therefore, this allegation is not sufficient to warrant the granting of the Petition.

Finally, Petitioner alleges the lack of a suppression hearing shows the ineffective assistance of counsel. Petitioner made statements to law enforcement on or about July 9, 1999. (*Supplemental Petition for Writ of Habeas Corpus*, filed April 3, 2006, Procedural History, paragraph 1.) Petitioner was arrested, due to the prior statements he made to law enforcement, on or about July 16, 1999. (*Id.*) He was indicted by the Mason County Grand Jury during the January 2000 term. (*Id.*, at paragraph 8.) It is well established law that incriminating statements made by a defendant when he is not in custody or being interrogated by law enforcement will be admissible as evidence against the defendant. *State v. Howerton*, 174 W.Va. 801, 808; 329 S.E.2d. 874, 881 (1985). In the present case, there is no evidence to suggest that defendant was under arrest or not free to leave before giving the statements. Furthermore, a suppression hearing was scheduled but cancelled due to a plea agreement. (*State's Answer to Petition for Writ of Habeas Corpus*, filed February 14, 2002, Exhibit E.) The evidence establishes that Petitioner made the decision to accept the plea offer on the day

7

the suppression hearing was to occur. Further, the evidence establishes that Petitioner's decision surprises his counsel. Petitioner could have proceeded with the suppression hearing but chose to accept the plea offer. Ultimately, the defendant in a criminal case has the power to proceed with his defense or to resolve the charges by agreement. Petitioner chose to enter his pleas. He cannot now complain his counsel his counsel failed to take steps in his defense which became moot by the entry of the pleas.

In conclusion, the above allegations set forth by Petitioner fail to prove that his counsel's, Mr. Anderson's, performance was deficient according to the standard set forth in *Strickland*.

Petitioner's next allegation for his Petition is his counsel failed to communicate with him and develop a theory of his case. Specifically, Petitioner alleges his counsel failed to question him about his version of events or talk with him about an alibi defense. In addition, Petitioner alleges his counsel informed him that probation would be likely, and, if sentenced, would only serve five (5) years.

First, Petitioner alleges his counsel failed to question him about his version of events or talk with him regarding an alibi defense. As stated above, Petitioner does remember discussing his case with counsel, but could not remember what all was discussed. (*Deposition of Fred Luther Buck*, July 31, 2006, pg. 8.) Petitioner's counsel remembered discussing an alibi defense with Petitioner, his view of the charges against Petitioner, and reviewing discovery with Petitioner. (*Deposition of Patrick Anderson*, November 2, 2006, pgs. 8-9, 18-19.) Petitioner's counsel also filed a Response to State's Request for Discovery which set out

8

years and from fifteen (15) to thirty-five (35) years. (*Id.*, at 3:21 - 6:20.) The following statements were made by either Petitioner or his counsel during the May, 2000 plea hearing in which Petitioner was under oath to tell the truth during the entire proceeding:

(1) Petitioner stated he was not promised leniency or probation for his guilty pleas. (*Id.*, at 49:21 - 50:1.)

(2) Petitioner stated he understood that he could not withdraw his guilty pleas after the Court accepted them. (*Id.*, at 26:5-21 and 37:6-11.)

(3) Petitioner's counsel stated he met with Petitioner twenty (20) times or more for a total of forty (40) hours (*Id.*, at 23:6-12), and Petitioner agreed with this statement when asked by the Court. (Id., at 23:24 - 24.1.)

(4) Petitioner understood that he was waiving all pretrial defects regarding the gathering of evidence and prior confessions or statements. (*Id.*, at 37:5.)

(5) Petitioner stated he signed the plea agreement in the presence of his counsel. (*Id.*, at 38:23 - 39:4.)

(6) After being asked by the Court as to how Petitioner wished to plea on each count, Petitioner entered a plea of guilty. (*Id.*, at 43:20-46:13.)

(7) Petitioner stated that he willingly and voluntarily signed the guilty plea. (*Id.*, at 46:17 - 47:12.)

(8) Petitioner stated that his counsel "told me everything I need to know." (*Id.*, at 50:18-19.)

(9) Petitioner stated that all of his answers to the Court were truthful. (*Id.*, at 51:7-8.)

10

This Court finds Petitioner's counsel did not tell him probation was likely or that, if sentenced, he would only serve five (5) years. This Court further finds Petitioner entered his guilty plea freely, voluntarily, intelligently, and knowingly according to the transcript from the May, 2000 plea agreement proceeding. Therefore, Petitioner's allegations set out above are insufficient to warrant the granting of the petition.

### Ruling

For the reasons set forth in the foregoing opinion, this Court ORDERS:

The Supplemental Petition for Post-Conviction Habeas Corpus relief sought by the Petitioner in this matter is hereby DENIED.

Petitioner's objection to the Court's decision is noted.

This is a final order dismissing this action from the active docket of this court. The Circuit Clerk shall forward attested copies of this order to the following: Jeremy T. Vickers, Counsel for the Petitioner; Damon B. Morgan, Jr., Prosecuting Attorney in and for Mason County, West Virginia; and to Petitioner, Fred Luther Buck, individually.

ENTERED this the _19_ day of _June_, 2008.

David W. Nibert, Judge

11